UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DELVREN WALLACE,**

      **Plaintiff,**

v.

      Case No. 05-73446

      HONORABLE DENISE PAGE HOOD

**CRANBROOK EDUCATIONAL COMMUNITY, MICHIGAN AFSCME COUNCIL 25, and AFSCME LOCAL 2793,**

      **Defendants.**
_____/

## ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Cranbrook Educational Community's Objections to the Magistrate Judge's Order Compelling Discovery, filed April 11, 2006. Plaintiff filed a Response on April 17, 2006. Defendant Cranbrook Educational Community filed a Reply on April 24, 2006.

### II. FACTS

Plaintiff, Delvren Wallace, was employed with Defendant Cranbrook Educational Community ("Cranbrook") as a maintenance person/equipment mover from 1986 until his discharge in February of 2005. (Compl. ¶ 4). Defendants Michigan AFSCME Council 25 and AFSCME Local 2793 ("AFSCME") were the recognized collective bargaining representatives for Defendant Cranbrook's employees. (Compl. ¶ 5). Defendant Cranbrook stated that it discharged the Plaintiff for inappropriate sexual behavior towards students. (Compl. ¶ 9). Plaintiff's termination was based

in primary part on anonymous statements given by students. (Compl. ¶ 10). Plaintiff filed this Complaint on September 7, 2005 alleging, *inter alia,* improper termination. During discovery Defendant Cranbrook provided Plaintiff with copies of the student statements with the students' names and addresses redacted. Plaintiff filed a Motion to Compel on January 3, 2006, seeking the students' identities. The parties were present at a hearing before Magistrate Judge Scheer on the Motion to Compel on February 21, 2006. Magistrate Judge Scheer issued an Order Granting Plaintiff's Motion to Compel Defendant Cranbrook's Answers to Interrogatories and Production of Documents on March 28, 2006. Defendant Cranbrook filed Objections to the Magistrate Judge's decision on April 11, 2006.

### III.  STANDARD OF REVIEW

The decision and order of the Magistrate Judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). Any appeal of or objections to a magistrate judge's order must be made within 10 days of the entry of the order, must specify the part of the order the party objects to, and state the basis for the objection. E.D.Mich. LR 72.1; 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(a). Objections that are only general and are not specific waive the right to appeal. See *Howard v. Secretary of HHS*, 923 F.2d 505, 508-509 (6th Cir. 1991).

### IV.  APPLICABLE LAW & ANALYSIS

In support of its Objections, Defendant Cranbrook has submitted a copy of the Magistrate Judge's March 28, 2006 written Order compelling discovery. The Magistrate Judge's March 28, 2006 Order, does not however, include the Magistrate Judge's reasoning for the holding. The Order simply states that the Magistrate Judge's decision is based on the reasons stated on the record at the hearing on February 21, 2006. Defendant Cranbrook has not submitted a copy of the transcript of

the February 21, 2006 hearing. Despite Defendant Cranbrook's failure to submit a copy of the transcript, the Court has obtained a tape of the hearing and has reviewed it for purposes of the current motion.

Defendant Cranbrook objects to Magistrate Judge Scheer's March 28, 2006 Order compelling discovery for three reasons: (1) the Family Educational Rights and Privacy Act ("FERPA") prohibits the disclosure of the students' identities, (2) disclosure of the students' identities would invade their privacy and violate Title IX's requirement to maintain the confidentiality of students complaining of sexual harassment, and (3) the students' privacy interests outweigh the value of the information sought. Plaintiff argues, in relevant part, that (1) the documents he seeks to obtain are not educational records subject to protection under FERPA, (2) FERPA is not an absolute bar to the release of student information, and (3) Defendant Cranbrook's reliance on privacy concerns is misplaced. The Magistrate Judge found that the documents in question are not protected by FERPA because they are not education records. The Magistrate Judge further held that even if FERPA is applicable it is not clear how going behind the statements adds to the case.

### A.     Disclosure of the Students' Identities

Defendant Cranbrook argues that the identities of the students involved must be withheld because: (1) the statements are education records; and (2) FERPA requires redaction of the students' identities. The Family Educational Rights and Privacy Act protects education records or personally identifiable information from improper disclosure by an educational institution that receives federal funds. 20 U.S.C. § 1232g. FERPA reads:

> (b) Release of education records; parental consent requirement; exceptions; compliance with judicial orders and subpoenas; audit and evaluation of federally-

supported education programs; recordkeeping

(1) No funds shall be made available under any applicable program to any education agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein *other than directory information*, as defined in paragraph (5) of subsection (a) of this section) of students without written consent of their parents to any individual, agency, or organization, other than to the following –

       *         *         *

(J)(ii) the entity or persons designated in any other subpoena issued for a law enforcement purpose, in which case the court or other issuing agency may order, for good cause shown, the educational agency or institution (and any officer, director, employee, agent, or attorney for such agency or institution) on which the subpoena is served, to not disclose to any person the existence or contents of the subpoena or any information furnished in response to the subpoena.

20 U.S.C. § 1232g(b)(1). The statute further provides:

No funds shall be made available under any applicable program to any education agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records other than directory information, or as is permitted under paragraph (1) of this subsection, unless –

 (A) there is written consent from the student's parents specifying records to be released, the reasons for such release, and to whom, and with a copy of the records to be released to the student's parents and the student if desired by the parents, or

 (B) except as provided in paragraph (1)(J)**,** such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency.

20 U.S.C. § 1232g(b)(2).

   Defendant Cranbrook first argues that its investigatory notes and the student statements constitute education records, and as such disclosure of the unredacted records would constitute a violation of FERPA. Education records, for purposes of FERPA, include records, files, documents

and other materials that (1) contain information directly related to a student and (2) are maintained by an educational institution or by a person acting for such institution.  20 U.S.C. § 1232g(a)(4)(A), 34 C.F.R. § 99.3.  The Department of Education regulations state:

> Personally identifiable information includes, but is not limited to:
> (a) The student's name;
> (b) The name of the student's parent or other family member;
> (c) The address of the student or the student's family;
> (d) A personal identifier, such as the student's social security number or student number;
> (e) A list of personal characteristics that would make the student's identity easily traceable; or
> (f) Other information that would make the student's identity easily traceable.

34 C.F.R. § 99.3.

Defendant Cranbrook asserts that the student statements in question constitute education records because "[b]oth the statements and the notes directly relate to the students and they are maintained by Cranbrook."  (Def.'s Obj. at 10).  Defendant Cranbrook does not, however, specifically state how the notes and the statements relate directly to the students.  Nor, does the statute or the Department of Education regulations define what constitutes a direct relation to a student.

Whether or not student statements provided in relation to an investigation into a school employee's alleged misconduct are "directly related" to a student is an issue of first impression for the Sixth Circuit.  Other courts, including the Sixth Circuit, have heard similar cases, but none have determined this exact issue.  The case most like the current case is *Ellis v. Cleveland Municipal School District*, 309 F.Supp.2d 1019 (N.D. Ohio 2004).  *Ellis* involved an altercation between a student and a substitute teacher.  At issue were related incident reports and witness statements by students.  The *Ellis* court held that the requested information was not protected under FERPA as they

were not directly related to the student. *Ellis*, 309 F.Supp.2d at 1023. In so holding, the *Ellis* court stated:

> While it is clear that Congress made no content-based judgements with regard to its education records definition, it is equally clear that Congress did not intend FERPA to cover records directly related to teachers and only tangentially related to students. Thus, courts have held FERPA does not prevent the disclosure of records specifying reasons for teacher certificate revocations or the names of the victim and witnesses to an alleged incident of sexual harassment by a teacher. Courts have similarly held that student witness statements are not governed by FERPA.
>
> In her document requests, plaintiff seeks records involving allegations of physical altercations engaged in by substitute teachers as well as student and employee witness statements related to those altercations.... Such records do not implicate FERPA because they do not contain information directly related to a student. *While those records clearly involve students as alleged victims and witnesses, the records themselves are directly related to the activities and behaviors of the teachers themselves and are therefore not governed by FERPA.*

*Ellis*, 309 F.Supp.2d at 1022-1023 (internal quotations and citations omitted) (emphasis added). Another sister court held that criminal investigation and incident reports are not education records because "such records relate in no way whatsoever to the type of records which FERPA expressly protects; i.e., records relating to individual student academic performance, financial aid or scholastic probation which are kept in individual students files." *Bauer v. Kincaid*, 759 F.Supp. 575, 591 (W.D. Mo. 1991). Further, the Fifth Circuit Court of Appeals has held: "[e]xcluded from FERPA's protections are records relating to an individual who is employed by an educational agency or institution." *Klein Independent School District v. Mattox*, 830 F.2d 576, 579 (5th Cir. 1987).

Defendant Cranbrook argues that the application of *Ellis* to the current case is inappropriate as the *Ellis* court disregarded the Sixth Circuit's decision in *United States v. Miami University*, 294 F.3d 797 (6th Cir. 2002), instead relying on the holding of *Bauer*, and specifically that a court's finding that a record is directly related to an employee does not preclude the same record from

directly relating to a student as well.  Defendant Cranbrook further argues that the *Ellis* court's reliance on *Bauer* is misplaced as *Bauer* was based on a FERPA exception for records maintained by a law enforcement unit.  Defendant Cranbrook further urges the Court to apply the holding in *Miami University* instead of *Ellis*.

*Miami University* involved a suit between the editor-in-chief of university's student newspaper and the university.  The newspaper sought student disciplinary records to track crime trends on campus.  The university provided redacted versions of the report which excluded the identity, sex, age of the accused and date, time and location of the incidents.  The newspaper challenged the redacted versions of the report.  The Sixth Circuit agreed with the Department of Education in holding that "all disciplinary records, including those related to non-academic or criminal misconduct *by students*, are education records subject to FERPA." *Miami University*, 294 F.3d at 815. (internal quotations omitted) (emphasis added).  The Sixth Circuit's decision in *Miami University*, is distinguishable from the current case as the records in question involved disciplinary actions *against a student by a student* while the current case involves disciplinary action against an employee.  As such, the Sixth Circuit holding, which is expressly limited to misconduct by students is distinguishable from the current case.  Further, the *Miami University* decision also relied on the same law enforcement exception that Defendant Cranbrook claims distinguishes the current case from *Bauer*.  As such, the current requested documents do not directly relate to the students and are not education records.  As a result FERPA does not protect disclosure of such documents.

The records are also not education records as one of the exceptions applies.  Under FERPA, education records do not include, "in the case of persons who are employed by an educational agency or institution but who are not in attendance at such agency or institution, records made and

maintained in the normal course of business which relate exclusively to such person in that person's capacity as an employee and are not available for use for any other purpose." 20 U.S.C. § 1232g(a)(4)(B)(iii), 34 C.F.R. § 99.3. The Department of Education has stated that attendance includes, (1) attendance in person or by correspondence; and (2) the period during which a person is working under a work-study program. 34 C.F.R. § 99.3. Defendant Cranbrook argues that this exception only applies to student employees, and is not applicable as the Plaintiff was not a student employee. Defendant Cranbrook has not, however, provided any case law to support the contention that section 1232g(a)(4)(B)(iii) only applies to student employees. To support this argument Defendant Cranbrook cites a letter from the Department of Education dated August 21, 2000. The letter in pertinent part states,

> Thus, FERPA provides a very narrow exemption for records related to an individual's employment from the protections provided by FERPA. This exemption applies to those records related to the employment of individuals who are employed without regard to their status as students. For instance, if a secretary in the president's office takes a course at any given time, her employment records do not become education records because the secretary is not employed as a result of her status as a student....

(Def.'s Obj., Ex. Z at 2). What Defendant Cranbrook fails to point out is that this letter is limited to answering questions regarding graduate student assistants who teach undergraduate classes as a condition of their own education. The letter specifically addressed this question, and the excerpt presented by Defendant Cranbrook suggests that the exception exclusively applies to student employees. Instead, the statute and the regulations are silent as to whether an employee must also be a student. Where a statute is silent or ambiguous as to a specific issue, the Court must defer to the agency's interpretation of the statute as long as it is based on a permissible construction of the statute. *Miami University*, 294 F.3d at 814, (citing *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837

(1984)). The statute merely states that the employee must not be "in attendance." As defined by the regulations, Plaintiff who was not a student at all, would not be considered in attendance. As such, the exception is applicable, and the documents are further considered not to be education records.

Defendant Cranbrook further argues that FERPA requires redaction of the students' names. To support this argument, Defendant Cranbrook cites a Indiana Court of Appeals case that stated that FERPA did not prohibit redaction and relied on *Miami University*. *Unincorporated Operating Division of Indiana Newspapers, Inc. v. Trustees of Indiana Univ.*, 787 N.E.2d 893 (Ind. App. 2003). The *Indiana University* court held:

> However, we find it significant that the court in *Miami University* observed that the *result* of the Ohio Supreme Court's opinion, i.e. the mandamus requiring the school to release the redacted disciplinary records, appeared to comport with the requirements of FERPA.
>
> If student disciplinary records are education records under FERPA, and the result of the *Miami Student* decision, i.e. the release of redacted student disciplinary records, comports with FERPA's requirements, then one may logically conclude that the redacted student disciplinary records in the *Miami Student* case were not "education records" for purposes of FERPA, but that the un-redacted student disciplinary records in the *Miami University* case were. In other words, with all identifying information redacted from the student disciplinary records, they no longer "contain[ed] information directly related to a student" or "personally identifiable information"of a student.

*Indiana University*, 787 N.E.2d at 907-908.

The Court does not find the argument of the Indiana Court of Appeals persuasive, and declines to apply a similar holding to the current case. Although federal courts must defer to a state court's interpretation of its own law, federal courts "owe no deference" to a statue court's interpretation of federal law. *Miami University*, 294 F.3d at 811. The Indiana Court of Appeals assumes a holding of the Sixth Circuit, which has yet to be ruled upon or heard. The Indiana Court

9

of Appeals further presumes that the Sixth Circuit found that the redacted portions of the records contained the information directly relating to a student, as required to the determination that they were education records. Further, the party seeking the records in *Miami University* requested redacted documents with the name, social security number or student identification number of the accused party omitted. Here, since the documents requested are not education records for purposes of FERPA there is no reason to redact the statements as they are not protected from disclosure by FERPA.

  **B.** **Invasion of Students' Privacy**

  Defendant Cranbrook also argues that the identities of the students should not be disclosed due to privacy concerns. Defendant Cranbrook first argues that the Office of Civil Rights in the Department of Education has emphasized the importance of maintaining the anonymity of a student complaining of sexual harassment based on Title IX. Defendant Cranbrook provides a Department of Education regulation that shows the standards followed by the Office of Civil Rights and that schools should use to investigate and resolve sexual harassment claims. The portion of the regulation cited by Defendant Cranbrook involves requests by the complaining student for confidentiality and reads:

> If the student continues to ask that his or her name not be revealed, the school should take all reasonable steps to investigate and respond to the complaint consistent with that request as long as doing so does not preclude the school from responding effectively to the harassment and preventing harassment of other students.

62 Fed.Reg. 12034, 12043 (March 13, 1997). Defendant Cranbrook argues that it has satisfied the requirements of Title IX and that disclosure of the student's identities would be contrary to Title IX. Defendant, however, has failed to cite any section of Title IX upon which the Court is to base its decision.

Defendant Cranbrook further argues the existence of general student privacy rights, both constitutional and based on state common law, that would be violated by disclosure in the current case. The Supreme Court has held that there are two different types of constitutional privacy interests: (1) the individual interest in avoiding disclosure of personal matters and (2) an interest in making independent important decisions. *Whalen v. Roe*, 429 U.S. 589, 598 (1977). Not all disclosures of private information trigger constitutional protection. *Bloch v. Ribar*, 156 F.3d 673, 684 (6th Cir. 1998). There is a two step process in analyzing informational privacy claims: " (1) the interest at stake must implicate either a fundamental right or one implicit in the concept of ordered liberty; and (2) the government's interest in disseminating the information must be balanced against the individual's interest in keeping the information private." *Id*. Similarly, there exists a state common law right of privacy. *State Employee's Ass'n v. Michigan Dept. Of Management & Budget*, 428 Mich. 104, 123-124 (1987). A private actor generally cannot deprive a citizen of his or her rights. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149 (1978). Only when a private actor's action so approximate state actions that they can fairly be attributable to the state can a private actor be held to constitutional standards. *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). There is no allegation that Defendant Cranbrook acted in such a manner to attribute its actions to the state. As such, constitutional privacy protections are not applicable in the current action, as Defendant Cranbrook is a private school. Since Defendant Cranbrook has not demonstrated the existence of a privacy right in the current matter, the Court need not address the balancing of the students' interests against the interests of the Plaintiff.

The Court argres with the Magistrate Judge that the attorneys and parties will be subjected to a protective order limiting access to the information provided to the parties by Defendant

11

Cranbrook.

## V. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DISCOVERY SANCTIONS

On September 6, 2006, while the appeal from the Magistrate Judge's Order Compelling Discovery by Defendant Cranbrook was pending before the undersigned, Plaintiff filed a Motion for Partial Summary Judgment and Discovery Sanctions seeking judgment on the issue of liability in this case arguing that Defendant Cranbrook's failure to provide the documents should be sanctioned. Because the discovery issue was pending on appeal before the undersigned, Plaintiff's motion is premature. The Court denies Plaintiff's motion without prejudice.

## VI. CONCLUSION

As the Court has held that the requested documents are not protected by FERPA and that the students do not have a privacy interest in the disclosure of such information, the decision of the Magistrate Judge is affirmed.

Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's March 28, 2006 Order is AFFIRMED and Defendant Cranbrook Educational Community's Objections/Appeal are DENIED.

IT IS FURTHER ORDERED that Defendant Cranbrook provide the names and addresses of students and their parents to Plaintiff's counsel and defense counsel only and shall not be supplied to the Plaintiff and Defendant Union. Defendant Cranbrook shall provide the unredacted copies of the documents to counsel within ten (10) days from the date of this Order.

IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment and Discovery Sanctions **(Docket No. 46, filed September 6, 2006)** is DENIED without prejudice.

                                                s/ DENISE PAGE HOOD  
                                                DENISE PAGE HOOD  
                                                United States District Judge

DATED: September 27, 2006

     I hereby certify that a copy of the foregoing document was served upon counsel of record on September 27, 2006, by electronic and/or ordinary mail.

                                                s/ William F. Lewis  
                                                Case Manager